

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-08-022-CR

EX PARTE DAVEY REGENE KINNETT

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Davey Regene Kinnett appeals the trial court's revocation of his appeal bond. Because we hold that the evidence was sufficient to prove that appellant violated a condition of the appeal bond, and because we further hold that the trial court did not abuse its discretion by revoking the bond, we affirm.

On November 9, 2006, appellant was convicted of indecency with a child and sentenced to ten years' confinement. In accordance with the jury's recommendation, the trial court suspended the sentence and placed appellant

------------

[1]*See* TEX. R. APP. P. 47.4.

on ten years' community supervision. Appellant was required under the conditions of community supervision to submit to 180 days' confinement in the county jail. On April 26, 2007, the trial court granted appellant's motion for bail pending appeal, and it set the appeal bond at $25,000. One of the conditions of the appeal bond was that appellant "shall have no visitation with his child(ren) without supervision by Yvonne Kinnett or Dewayne Kinnett and in no event shall any approved visitation exceed 3 hours duration at a frequency no[t] to exceed three (3) times per month."[2] The State filed a motion to revoke the appeal bond on October 18, 2007, asserting that appellant had violated this condition by visiting his child without either Yvonne or Dewayne present.

The trial court heard the State's motion on December 20, 2007. Appellant's trial and appellate counsel[3] testified that he met with appellant after appellant bonded out of jail and told appellant that the condition on visitation contained in the appeal bond was the same as the condition on visitation

---

[2]Yvonne Kinnett is appellant's ex-wife, and Dewayne Kinnett is appellant's brother.

[3]Appellant was appointed new counsel for the purpose of this hearing on the State's motion to revoke so that he could call his original counsel to appear as a witness at the hearing.

contained in the order imposing conditions of community supervision.[4] Furthermore, appellant's probation officer testified that he met with appellant on May 2, 2007, and went over the conditions of the appeal bond with appellant, including the condition on visitation.

Yvonne testified that on two separate occasions, appellant had been accompanied by Dewayne's wife, but not by Dewayne himself, when appellant picked up their six-year-old daughter and took her to Dewayne's house for his period of visitation. Dewayne agreed that he had not been present on those two occasions when appellant picked up the child, but he explained that he had arrived home only about fifteen to thirty minutes after his wife, appellant, and the child had gotten there. Dewayne also testified that he never was told that the visitation was to be supervised by him personally and that he could not substitute someone in his place; he thought that either he or his wife could supervise the visitation. Dewayne stated that on the two occasions that his wife accompanied appellant to pick up appellant's daughter, that arrangement

---

[4]The visitation condition in the order imposing conditions of community supervision provided, "No visitation shall be approved without supervision by Yvonne Kinnett or Dewayne Kinnett and in no event shall any approved visitation exceed 3 hours duration at a frequency not to exceed three (3) times per calendar month." Appellant was specifically made aware of this condition by the trial court judge at appellant's November 9, 2006 sentencing hearing.

was made by Dewayne for his own convenience, and not at the suggestion or urging of appellant.

A trial court may admit a defendant who has been convicted of a crime to reasonable bail pending appeal of the conviction, until the conviction becomes final. TEX. CODE CRIM. PROC. ANN. art. 44.04(c) (Vernon 2006). The court may impose reasonable conditions on bail pending the finality of the conviction. *Id.* On a finding by the court on a preponderance of the evidence of a violation of a condition, the court may revoke the bail. *Id.*

Appellant argued at the revocation hearing that the two times he was accompanied by Dewayne's wife to pick up the child did not constitute a violation of the appeal bond visitation condition because it was an "inadvertent, trivial matter" and was "certainly not any type of violation that would have occurred in bad faith." Appellant also argued that it would have been impractical for him to refuse visitation with his daughter based on the mere fact that Dewayne's wife, and not Dewayne himself, would accompany him to pick up his daughter. Finally, appellant pointed out that the State had presented no evidence of any problems arising from Dewayne's wife's accompanying him on the two occasions. Nevertheless, the trial court found that appellant had violated the visitation condition and revoked appellant's bail.

4

After reviewing the record, we hold that the evidence before the trial court was amply sufficient to show by a preponderance of the evidence that appellant violated the condition of the appeal bond requiring all visitation with his child to be supervised by either Yvonne or Dewayne. Accordingly, the trial court had discretion to revoke appellant's bail. *See id*. A trial court's ruling abuses its discretion only when it is made without reference to any guiding rules or principles, so as to render the conclusion ultimately reached so arbitrary and unreasonable that it falls outside the zone within which reasonable minds may differ. *See Montgomery v. State*, 810 S.W.2d 372, 380, 391 (Tex. Crim. App. 1990) (op. on reh'g). The trial court explained its ruling as follows:

> . . . [W]hat concerns me and what -- the one thing I try to stay focused on throughout this is the little girl.
> And the order that I had entered and ordered to protect this little girl from what appeared to have been certainly a problem throughout, but anyway, the Court's order has to be clear and specific.
> I don't know how it could have been any more clear than it was in this instance. The Court's order is not going to have any honor or dignity or enforceability if it's left up to others to interpret. It's not going to have any honor or respectability or enforceability if it's not followed to a T.
> . . . .
> It was very clear who was to be present and who was to do the monitoring. This is not a matter that can be delegated by any individual involved in -- and reordered.

Accordingly, we cannot say that the trial court's decision to revoke appellant's bail was made without reference to any guiding rules or principles

5

or was so arbitrary and unreasonable that it falls outside the zone within which reasonable minds may differ. *See id.* at 380, 391. We hold that the trial court did not abuse its discretion and affirm the trial court's order cancelling appellant's appeal bond.

PER CURIAM

PANEL F:    MCCOY, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: March 6, 2008

6